PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE

FILED BY _Cg_ D.C.

U.S.A. vs. **Melissa Hall**

Docket No. **2:02CR20433-04**

05 AUG 10 AM 10: 17

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

## Petition on Probation and Supervised Release

COMES NOW _Edward E. Shaw_ PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of _Melissa Hall_, who was placed on supervision by the Honorable Bernice B. Donald, sitting in the court at _Memphis, TN_ on the 25th day of September 2003 who fixed the period of supervision at two (2) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant shall participate in the Home Detention program for four (4) months. (Completed.)
2. The defendant shall provide the Probation Officer any requested financial information.
3. The defendant shall seek and maintain full-time lawful employment.
4. The defendant shall make third-party risk notification.
5. The defendant shall pay $952.40 in restitution in $25.00 monthly installments (balance: $858.40).
6. The defendant shall participate in drug testing and treatment (added on January 23, 2004).

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Ms. Hall has violated this condition by possessing and using a controlled substance. Marijuana was detected from drug tests of samples collected on February 23, 2004; May 12, 2005; and June 27, 2005.

**The defendant shall pay $952.40 in restitution in $25.00 monthly installments.**

Ms. Hall has not paid as ordered.

**PRAYING THAT THE COURT WILL ORDER** that a Summons be issued for Ms. Hall to appear before Your Honor to answer charges of violation of Probation.

I declare under penalty of perjury that the foregoing is true and correct.

Considered and ordered this 9th day of _August_ 2005 and ordered filed and made a part of the records in the above case.

_[signature]_
Honorable Bernice B. Donald
United States District Judge

Executed on: _August 5, 2005_

_[signature]_
United States Probation Officer

Place: _Memphis, TN_

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _8-12-05_

212

# VIOLATION WORKSHEET

1. Defendant _____Melissa Hall__ (Address: 5502 Oakbark NO. 1  Memphis, TN 38116)_____

2. Docket Number (Year-Sequence-Defendant No.)_____2:02CR20433-04_____

3. District/Office _____Western District of Tennessee (Memphis)_____

4. Original Sentence Date     __09__    __25__    __2003__
                                month      day       year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Possession/Use of a controlled substance (Cocaine) | C |
| Failure to pay restitution as ordered | C |

8. Most Serious Grade of Violation (see §7B1.1(b))                         C

9. Criminal History Category (see §7B1.4(a))74                             II

10. Range of imprisonment (see §7B1.4(a))                          | 4 - 10 months* |

*Being originally convicted of a Class B felony, the statutory maximum term of imprisonment is 36 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   {X}   (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { }   (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { }   (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____$858.40_____          Community Confinement _____N/A_____

Fine ($) _____N/A_____                     Home Detention _____N/A_____

Other _____N/A_____                        Intermittent Confinement _____N/A_____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: ___If imposed, 2-3 years.___

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____

15. **Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 212 in case 2:02-CR-20433 was distributed by fax, mail, or direct printing on August 12, 2005 to the parties listed.

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT